Filed 2/23/24  Doe v. University of Southern California CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA et al.,<br><br>    Defendants and Respondents. | B328682<br><br>(Los Angeles County Super. Ct. No. 21STCP04155) |

_____

APPEAL from a judgment of the Superior Court of Los Angeles County, Mitchell L. Beckloff, Judge.  Affirmed.

Hathaway Parker Inc., Mark M. Hathaway and Jenna E. Parker for Plaintiff and Appellant.

Pazzani & Sandhu, Karen J. Pazzani and Simar K. Ahluwalia for Defendants and Respondents.

_____

A student at the University of Southern California (USC) was accused of cheating on an exam. He denied wrongdoing. A hearing officer found against the student, who received a failing grade for the course. The trial court denied his petition for a writ of mandate. We conclude that USC did not violate its procedures, deprive the student of evidence, or alter the burden of proof. The findings are supported by substantial evidence. We affirm.

## FACTS AND PROCEDURAL HISTORY
### USC's Student Conduct Code

The Student Conduct Code (Student Code) prohibits "use or attempted use of external assistance" during an exam, including "use of unauthorized notes." It also bars "[f]ailure to comply with testing protocols, policies, procedures, or instructions." "Any act that gains or is intended to gain an unfair academic advantage may be considered an act of academic dishonesty."

### Appellant Is Accused of Violating the Student Code

On March 19, 2021, appellant "John Doe" took a biology midterm exam administered on-line via Blackboard.[1] Students were not allowed to use outside sources during the exam. At the end of the semester, the instructor learned from an anonymous person that some students used a shared document posted on Blackboard, entitled Class Notes, during exams. USC's IT department provided the names and IP addresses of six students who accessed the Class Notes during exams, with dates and times. IT logs showed that appellant viewed three items in the Class Notes during the March 19 exam.[2]

---

[1] Undesignated dates in this opinion are to the year 2021.

[2] The topics he accessed were "photosynthesis," "metabolism," and "cell communication."

On May 15, appellant e-mailed his instructor, Dr. Spence, to learn why he did not receive a grade report. Dr. Spence replied that USC's Student Judicial Affairs and Community Standards (SJACS) would be in touch. Appellant wrote back, "I do not cheat on the final exam." He inquired what the allegations are and what program USC used to ascertain cheating, adding, "The only two tabs I had open during the final exam were Blackboard and zoom. I only had one computer open and all materials were cleared from my desk." SJACS advised appellant that a review was underway. Dr. Spence submitted an Academic Integrity Violation report to SJACS on June 2.

On June 30, SJACS notified appellant that Dr. Spence reported "an alleged act of academic dishonesty." Appellant "was documented by USC IT services as having accessed an online shared document during [his] exam period" on March 19. This violated Student Code exam protocols and provisions against external assistance during an exam and unfair advantage. He was informed that he would receive a failing grade if found responsible and was instructed to schedule a hearing if he wished to dispute the allegations.

**SJACS Hearing and Decision**

On July 12, appellant met remotely with SJACS Judicial Officer Nancy Dominguez. He was sent a link to view a faculty report about the exam and was allowed "to inspect the evidence on file and respond to the allegations."

Dominguez wrote that during their meeting, appellant "denied the allegations and noted that he did not have any other program/window/browser open on his computer other than what was required of him to complete the exam in question. . . . [He] stated that the exam contained about 40 multiple-choice

3

questions that were worded in a way that he found confusing [and] emphasized that he had no reason to access the shared document during the exam. [He] also mentioned that he does not know where USC IT service obtained the submitted information."

Appellant confirmed viewing the faculty report; Dominguez also read it to him. When told that the evidence showed he accessed the on-line shared document based on the timestamps, appellant insisted that he and his parents " 'want a decision now.' " He "had no other questions or comments or concerns" and stated that the meeting could end.

Dominguez found by a preponderance of the evidence that appellant "accessed an external document during the completion of an online exam." He violated Student Code testing protocols and "intended to gain an unfair academic advantage." His sanction was a grade of "F" for the course and writing a "Reflective Paper" addressing "ethical decision-making."

Appellant's signed acknowledgement reads, "I understand the violation(s) with which I am charged. I agree that I have had the opportunity to discuss the incident and the allegation(s) and to review the student conduct procedures with a judicial officer. I understand that the [officer's] decision was made based on the preponderance of the information."

### Appeal Panel Review

Appellant sought review by the Student Behavior Appeal Panel (Appeal Panel). He asserted that " 'new evidence has become available which is sufficient to alter the decision and which [he] was not aware [of] or could not have reasonably obtained at the time of the original review.' " He also argued that the review officer's deviation from USC rules deprived him of procedural protections.

Appellant wrote that he is a sophomore majoring in East Asian Languages and Culture who intends to pursue a career in medicine. He graduated in the top 10 percent of his high school class. His grade point average at USC was 3.66.

As new evidence, appellant offered a screenshot of his computer browser history. He stated, "I did not realize that my computer records all of the sites I access daily." He accessed Blackboard at 1:59 p.m. to start the exam, and "[t]he history does not record further activity until 2:54 pm when I access my Blackboard dashboard to finally submit my exam at 2:55 pm . . . . Nowhere in the history does it indicate that I accessed a Google document with the shared 'Class Notes' file." He wrote, "At no time during the test did I access unauthorized material."

Appellant wrote that SJACS Officer Dominguez reviewed the IT log with him. No witness corroborated the information and "I was not allowed to question[ ] the person who generated the report or ascertain how the report data was obtained. It was not even a computer-generated report because it was a PDF document. There was no information on the PDF documenting that it was from USC IT." Appellant was unable to retrieve the document after the meeting ended. He objected to his lack of access to the IT document and its authenticity.

Appellant objected that he was entitled to written notice specifying the nature of the alleged violation and the basis for the charge, including dates and time and location. "The unclear charge of accessing an online shared document prevented me from preparing a proper defense, and the proof was on my computer browser history which I was not aware I needed at the meeting."

Appellant claimed he was denied a fair and impartial hearing. Dominguez listened to him, but was unable to describe how the PDF document was generated and did not identify specific pages allegedly used to cheat. Appellant was allowed to inspect the document only briefly. The notice he received on June 30 lacked a "factual description of any misconduct. I wasn't given time to prepare to rebut the charges, and there was no factual support given to me at my meeting with Ms. Dominguez." Dr. Spence did not discuss the incident with appellant or give him documentation.

SJACS Officer Dominguez replied that appellant received the evidence and confirmed reviewing it. He responded to the charge and had the opportunity to provide information during their meeting. She stated that the evidence supported her conclusion that appellant violated the Student Code.

The Appeal Panel considered appellant's claims. It found that his browser history was not "new" evidence because it was available at the time of the SJACS hearing. Even if allowed, the new evidence showed only sites accessed by one device using a specific Web browser, which "did not account for the student's access to multiple devices (such as a phone or a tablet), the potential use of a different internet browser, or the available use of a private browser window, any of which could have been used to access the file and would not have been represented in the browser history provided." The evidence "was not exculpatory or otherwise sufficient to alter the decision."

The Appeal Panel wrote that appellant (referred to as "they") "would have weighed the evidence differently."[3] The

---

[3] Contrary to appellant's claim, the panel did not say *it* would weigh the evidence differently. Its decision consistently

6

panel emphasized that it "is not empowered to reconsider the case's evidence and make different factual findings" by reweighing evidentiary conflicts. It decided that Dominguez reasonably found appellant accessed external sources during an exam to gain an academic advantage.

The Appeal Panel rejected appellant's claim of procedural unfairness. It found he received sufficient written notice and a fair and impartial review of the incident; he was not unfairly restricted from accessing relevant documents; the review was timely and fair; his instructor was not required to meet with him before reporting the incident; and the hearing officer was not influenced by undisclosed evidence. The Appeal Panel upheld the SJACS decision.

In December, USC's vice-president of student affairs, respondent Monique Allard, wrote appellant that she reviewed the SJACS decision, his appeal, and the Appeal Panel decision. She accepted findings that appellant violated the Student Code. She advised him that the decision is final and binding, with no further avenue of appeal.

### Appellant Petitions for a Writ of Mandate

Appellant sought relief in the trial court by filing a petition for a writ of mandate. He alleged that he has exhausted his administrative remedies and that USC failed to proceed in the manner required by its policies and committed a prejudicial abuse of discretion. He asserted a fundamental vested right to "attend USC uninterrupted, free from the reputational harm and stigmatization that inherently accompanies responsibility for

refers to appellant as "they." For example, it wrote, "In their appeal, John Doe reiterated that they did not access any external sources."

7

dishonesty." He asked the court to set aside the findings and sanctions against him.

In his trial brief, appellant argued that USC failed to follow its policies and procedures or provide him with a fair process, and its findings are not supported by the evidence. He asserted that Dominguez should not have accepted Dr. Spence's report without further investigation. Dr. Spence did not meet with appellant or give him a report. Without access to evidence, appellant was unable to present a meaningful defense. Dominguez did not independently verify the existence of the Class Notes. The report of cheating was hearsay from an anonymous person, supported by an unauthenticated document purporting to be "IT logs."

USC countered that Dr. Spence was not required to meet with appellant, who received notice of the allegations and an opportunity to respond. Substantial evidence supports the administrative decision. Because appellant never denied awareness of the Class Notes or expressed confusion about its shared use, there was no need for Dominguez to further investigate its existence. He did not request additional time to review the evidence, seek a follow-up interview, or ask to submit rebuttal evidence. Instead, he told Dominguez that he wanted " 'a decision now' " based on the evidence she had.

### The Trial Court's Ruling

The trial court ruled that appellant had a fair hearing. Dr. Spence was not required to meet with him. Appellant's messages in May showed his awareness of a cheating allegation. He received notice of the substance of Dr. Spence's report over 10 days before the SJACS hearing. USC's failure to send him the report did not deprive him of a fair hearing because appellant knew the nature of the allegations and had time to examine his

8

computer and provide his browser history to Dominguez. He did not ask to conduct additional research after the meeting but demanded an immediate decision. Dominguez did not place the burden of proof on appellant.

The court found that substantial evidence supported USC's decision. USC is not required to follow rules of evidence; it could rely on hearsay and an IT log to investigate a report of cheating. USC did not have to accept appellant's claim that he did not cheat, or his browser history, because he "could have used a different internet web browser, *accessed the document from a different device*, used a private browser, or deleted entries from the browser history." The court denied the petition and entered judgment for respondents.

## DISCUSSION

On a petition for writ of mandate, courts decide if there was a fair trial or a prejudicial abuse of discretion. "Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (Code Civ. Proc., § 1094.5, subd. (b).) Writ review is appropriate in a student disciplinary case at a private university. (*Boermeester v. Carry* (2023) 15 Cal.5th 72, 85 (*Boermeester*).) We review the university's decision, not the trial court's decision. (*Doe v. Regents of University of California* (2016) 5 Cal.App.5th 1055, 1072 (*UCSD*).)

### 1. Procedural Unfairness Claims

We review de novo appellant's challenge to the fairness of the administrative hearing, which presents a question of law. (*Boermeester, supra,* 15 Cal.5th at p. 85.) USC must provide "notice of the charges and a meaningful opportunity to be heard,

9

[but is] not required to provide accused students the opportunity to directly or indirectly cross-examine the accuser and other witnesses at a live hearing." (*Id.* at p. 79.) Constitutional due process principles—protecting citizens "from abuses of state power"—do not apply to USC. (*Id.* at p. 87.)

"Where student discipline is at issue, the university must comply with its own policies and procedures." (*UCSD, supra,* 5 Cal.App.5th at p. 1073.) "Here, USC's policies were subject to the common law doctrine of fair procedure, and those policies specified that the university would offer the accused student a hearing, take evidence, and make factual determinations in a final adjudicatory decision issued by the vice president of student affairs." (*Boermeester, supra,* 15 Cal.5th at p. 86.)

We conclude that USC complied with its policies and provided appellant with a fair procedure.

First, appellant argues that Dr. Spence "made no attempt to contact Doe" to discuss the cheating allegation, though appellant took the initiative and e-mailed Dr. Spence to say that he did not cheat and opened only two tabs on his computer. He posits that Dr. Spence violated USC policy by refusing to speak to him. Appellant overstates school policy.

Student Code section 13.20.I states that if instructors have "reason to believe, based on observation or other evidence, that a student has violated the university's academic integrity standards, they are *encouraged to make reasonable attempts* to meet with the student and discuss the alleged violation and the evidence which supports the charge." (Italics added.) Appellant conflates a policy *encouraging* instructors to meet with students with one that *obligates* them to do so. The plain language of the policy does not mandate the meeting appellant desired.

Second, appellant claims that "Dr. Spence was required to provide Doe with a copy of the report Dr. Spence made to SJACS." He points to Student Code section 13.20.III. It states that the instructor will provide SJACS "with a completed Academic Integrity Violation Form. The reporting party likewise will make a reasonable attempt to provide a copy of the report to the student."

USC does not dispute that Dr. Spence failed to give appellant the Academic Integrity Violation form submitted to SJACS on June 2. However, appellant's May 15 e-mails show he understood the problem when he wrote, "I do not cheat on the final exam," asked what program USC used to ascertain cheating, adding that his desk was clear and he had only Blackboard and Zoom open.

SJACS gave appellant formal notice on June 30, saying he "was documented by USC IT services as having accessed an online shared document" during his biology exam on March 19. He had 12 days before the hearing to analyze his computer, cell phone or other device—or submit them to USC for analysis—to show he did not access material during the exam. He viewed Dr. Spence's report and Dominguez read it to him.

In sum, though Dr. Spence did not give his report directly to appellant, appellant has not shown prejudice. He was aware since mid-May about a cheating claim. He viewed the report. If there was procedural error, it was harmless. (*Doe v. Occidental College* (2019) 40 Cal.App.5th 208, 227.)

Third, appellant contends that USC failed to provide him with access to the evidence. It is undisputed that he received advance notice of the allegations. Dominguez showed (and read) Dr. Spence's report at the hearing. Appellant confirmed that he

11

viewed the evidence.  Nonetheless, he argues that "[h]e was denied any legitimate opportunity to mount a defense and disprove the charges."

Appellant is mistaken. After receiving the June 30 notice, he could marshal evidence to rebut a charge of accessing external documents during the exam.  USC did not have his electronic devices; it knew only that his IP address accessed the Class Notes during the exam.  It was up to appellant to lay bare his devices to convince Dominguez that he did not access the Class Notes, or show his account was hacked.  He did not present exculpatory evidence at their meeting or seek time to investigate or obtain evidence.  Instead, he asked for a decision "now" and did not question the state of the evidence.  Dominguez deemed the matter complete and issued a decision the same day.

Fourth, appellant maintains that USC placed the burden of proof upon him, "requiring him to prove that he did not access a document that may or may not exist . . . instead of requiring Dr. Spence to prove that Doe accessed the document during the examination."  Contrary to appellant's claim, he did not have the burden of proof.

At review hearings, the burden of proof "rest[s] upon the reporting party.  The standard of proof for deciding against the accused student shall be such evidence that, when weighed against that opposed to it, has the more convincing force and the greater probability of truth."  (Student Code, § 12.40.IV.)

USC IT logs revealed that appellant accessed external information during the exam period.  Dominguez found that this evidence supported USC's charge. When she asked for a response, appellant denied the allegations, claimed he did not have anything open on his computer other than what was required to

12

complete the exam, and said he had no reason to access the shared document during the exam.[4] Dominguez did not find appellant's denials of culpability credible or convincing, or that they outweighed USC's evidence.

Dominguez did not shift the burden to appellant but could rely on the veracity of the IT evidence submitted by Dr. Spence, even if it was not authenticated. Student Code section 12.40.III allows the review officer to consider information that is relevant, material, and temporally proximate to the conduct at issue. Dominguez was not required to undertake an independent investigation into USC's IT logs, and state and federal rules of evidence do not apply to SJACS reviews. (*Ibid.*)

## 2. Substantive Findings

We review factual findings for substantial evidence. (Code Civ. Proc., § 1094.5, subd. (c) ["abuse of discretion is established if the court determines that the findings are not supported by . . . substantial evidence in the light of the whole record"].) Review is deferential. We presume the decision is correct and "accept all evidence which supports the successful party, disregard the contrary evidence, and draw all reasonable inferences to uphold the [administrative decision]. [Citation.] Credibility is an issue of fact for the finder of fact to resolve [citation], and the testimony of a single witness, even that of a party, is sufficient to provide

_____

[4] Appellant did not deny the existence of the Class Notes to Dominguez, saying only that he had no reason to access them. He cannot question their existence for the first time on appeal. Also, appellant cites an instance of alleged cheating at Dartmouth University that proved to be unfounded. An investigation at another university, using a different computer program, is not germane to this case.

13

substantial evidence to support a finding of fact." (*UCSD, supra,* 5 Cal.App.5th at p. 1074.)

Appellant contends that Dr. Spence's report, based on IT logs, is not substantial evidence. He suggests it is " 'based upon suspicion, imagination, speculation, surmise, conjecture or guesswork' " and assails Dr. Spence's credibility. Appellant offers no reason why Dr. Spence would fabricate evidence that appellant and five other students cheated on biology exams. If anything, the report of cheating increased Dr. Spence's workload without enhancing his résumé.

Dr. Spence's report is substantial evidence that appellant accessed the Class Notes during the exam. The hearing officer could rely on any information that is "relevant, material, and temporally proximate to the conduct at issue [making] the existence of a fact or inference more or less likely." (Student Code, § 12.40.III.) Rules of evidence applied in court proceedings do *not* apply. (*Ibid.*) Thus, evidentiary rules requiring authentication or barring hearsay need not be consulted.

Appellant did not counter the charge of accessing external shared documents by presenting his browser history at the SJACS hearing. Instead, he simply denied cheating, hoping to safeguard his grade point average from the impact of an "F" grade. Dominguez did not credit his denial. We decline his invitation to disregard Dominguez's credibility determination. Appellate courts do not retry credibility, as we cannot assess witness sincerity. On this evidence, a reasonable person could reach the same conclusion as SJACS Officer Dominguez.

After receiving an adverse ruling at the SJACS hearing, appellant submitted new evidence to the Appeal Panel—his computer browser history for the Blackboard site. The panel found the evidence is not "new" because it could have been presented to the trier of fact before she rendered her decision.

14

USC rules do not allow the Appeal Panel to make new findings of fact or credibility calls, or substitute their judgment for the review officer.  (Student Code, § 15.04.)

Even if new evidence were allowed, it was unpersuasive. As the Appeal Panel found, the history on appellant's computer for his use of Blackboard could have been altered and entries deleted, or he could have used a different device or a different browser.  These issues could have been fully explored had appellant sought to present evidence of his browser history in a timely manner at the SJACS fact-finding hearing, or sought additional time to present his devices to USC IT services for examination.  He chose not to do so and cannot blame USC if he was not forthcoming at the SJACS hearing.

## DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

15